IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CRAIG ANTHONY JOHNSON, #163 522   *

    Plaintiff,   *

    v.   * CIVIL ACTION NO. 2:05-CV-960-F

LAURA PHILYAW, CLASS/SPEC., *et al*.,   *

    Defendants.   *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on Plaintiff's complaint filed under the provisions of 42 U.S.C. § 1983. Plaintiff is currently confined at the Fountain Correctional Facility and the incident about which complains occurred at this facility. Fountain Correctional Facility is located in Atmore, Alabama, which is within the jurisdiction of the United States District Court for the Southern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1)

---

[1] This court makes no ruling on Plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It is clear from the allegations in the complaint that the primary incident about which Plaintiff complains occurred within the jurisdiction of the United States District Court for the Southern District of Alabama.  Although Defendants Campbell and Segrest reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state.[2]  Moreover, it appears from Plaintiff's recitation of the facts that a majority of witnesses and evidence associated with this case are located in the Southern District of Alabama.  Thus, the court concludes that from the face of the complaint, the proper venue for this cause of action is the United States District Court for the Souther District of Alabama.[3]

---

[2] The court also notes that one of the named defendants is located in the State of Illinois. At this juncture, however, the undersigned deems it appropriate to transfer this action to the United States District Court for the Southern District of Alabama due to Plaintiff's contention that the primary actions about which he complains occurred in that court's jurisdiction.

[3] In so ruling, this court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 12, 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

3

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of November 2005.

                                **/s/ Delores R. Boyd**
                                DELORES R. BOYD
                                UNITED STATES MAGISTRATE JUDGE